

CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM

# TISDALE & NAST
LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

November 23, 2022

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

     Re:   **Serifos Maritime Corporation v. Glencore Singapore Pte Ltd.**
             **22-CV-8012**
             **T&N File No. 2984**

Honorable Madam:

     Plaintiff Serifos Maritime Corporation ("Plaintiff" or "Serifos") and Defendant Glencore Singapore Pte Ltd. ("Defendant" or "Glencore") through their respective undersigned counsel respectfully submit the following joint letter pursuant to the Court's Order dated October 13, 2022 (ECF No. 5).

**(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

Plaintiff

     This case concerns the supply of off-specification fuel bunkers[1] to the M/V SERIFOS, a vessel owned by Plaintiff Serifos Maritime Corporation. Specifically, the bunkers supplied to the M/V SERIFOS violated well-established international protocol for the quality of vessel fuels, namely ISO 8217 and MARPOL Annex VI. Glencore cannot dispute this.

     Plaintiff's Complaint alleges: Breach of Contract, negligence, intentional misrepresentation, gross negligence, strict products liability for design defect, and strict products

---

[1] Bunker fuel" or "bunkers" is the name given to the fuel which powers most ocean-going vessels. It is comprised of the residual product from the refining of oil during which lighter hydrocarbons are extracted. In order to be consumable aboard ships, the residual product can be mixed to varying degrees with lighter fuels or "cutter stock" so that the end product meets the Vessel's specifications.

liability for failure to warn. In particular, Glencore had prior knowledge that the bunkers were in fact defective, and Glencore was well aware of the potential damage to the Vessel, the Vessel's Owner, and potential environmental harm.

Plaintiff's damages include additional bunkers consumed because of the deviation caused by the off-spec stem, agency costs, sampling costs, and other items incurred as a direct result of the off-spec bunkers supplied by Glencore. Serifos took every possible step to mitigate the damages caused by Glencore's conduct.

Defendant

Glencore does not have a contract with Serifos. The fuel oil referenced in the Complaint was supplied by Glencore pursuant to a contract with non-party Andros Maritime Agencies Ltd. ("Andros").

The Complaint should be dismissed for lack of service of process, lack of personal jurisdiction, improper venue and/or pursuant to the doctrine of *forum non conveniens*. Glencore is a Singapore company with its headquarters and operations in Singapore. It does not have any presence in the United States or this District. The supply of fuel oil at issue in this case took place in Singapore, and all other alleged events took place outside of the United States.

As of the date of this letter, Serifos has not served the Complaint on Glencore. The only asserted basis for personal jurisdiction or venue in this District is the forum selection clause in the contract, to which Serifos is not a party. Glencore did not consent to jurisdiction or venue in this District with respect to disputes with Serifos.

The Complaint is also subject to dismissal on the merits:

a) The claim for breach of contract (Count I) should be dismissed because Serifos was not a party to the contract and has no rights thereunder.
b) If Serifos had rights under the contract, its damages claims would be barred or capped by the contractual limitation of liability.
c) The negligence, strict liability, intentional misrepresentation and gross negligence claims (Counts II-VI) should be dismissed pursuant to the economic loss rule. The Complaint does not allege facts that identify any physical damage caused by the fuel oil or loss resulting from such damage. Both are requirements for these tort claims.
d) The intentional misrepresentation claim (Count V) should be dismissed for the additional reasons that: (i) the "representations" were warranties in a contract to which Serifos is not a party; (ii) warranties in a contract that are breached give rise to a contract claim, not fraud; and (iii) the Complaint does not plead the elements of a fraud claim with the specificity required by Fed. R. Civ. P. 9(b).

Glencore further denies that the ISO 8217 standard or MARPOL Annex VI address or prohibit the presence of organic chlorides, that the fuel oil supplied by Glencore was "defective" under those standards, or that Glencore had "prior knowledge" that the fuel oil was allegedly defective. At all times, Glencore acted as a reasonable and prudent supplier of fuel oil, including (*inter alia*) by retaining an external fuel oil inspector to perform sophisticated tests to detect the presence of substances prohibited by the ISO 8217 and MARPOL Annex VI standards.

Finally, the damages claimed by Serifos are overstated. Among other things, Serifos is claiming costs and expenses that it would have incurred regardless of any claimed issues with the fuel oil.

**(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes;**

Plaintiff

Subject matter jurisdiction is based on 28 U.S.C. § 1333 as Plaintiff asserts claims for breach of maritime contract and maritime tort claims, including claims of gross negligence, arising from the sale and supply of defective and dangerous marine fuel into the market for consumption by ocean-going vessels, and specifically to Plaintiff for consumption by the Vessel. This matter also falls within the scope of Rule 9(h) of the Federal Rules of Civil Procedure.

Venue is proper because Defendant's General Terms and Conditions for the Sale of Marine Fuel ("GTC") call for exclusive jurisdiction in the United States District Court for the Southern District of New York.

Defendant

Per the above, venue is not proper in this District because Plaintiff is not a party to the contract and has no right to invoke the forum selection clause in the GTC.

**(3) In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;**

Subject matter jurisdiction is not based on diversity of citizenship.

**(4) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;**

Glencore intends to file a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) (failure to plead fraud with particularity), 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue), 12(b)(4)-(5) (insufficient process and service of process), 12(b)(6) (failure to state a claim), and/or under the doctrine of *forum non conveniens*, for the reasons set forth in response to item #1 above.

Glencore also intends to request that the Court stay proceedings on the merits, including merits-based fact discovery, until the Court rules on its motion.

Plaintiff opposes any motion to stay discovery pending such a motion.

**(5) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));**

No discovery has taken place to date.

**(6) A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);**

| | | |
|---|---|---|
| 1. | Additional bunkers consumed / deviation / detention: | $1,343,175.19 |
| 2. | Agency Costs: | $36,715.13 |
| 3. | Sampling Costs: | $14,118.20 |
| 4. | Shortages at Singapore: | $32,996.34 |
| | Total Principal Amount: | $1,427,004.86 |

**(7) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

The Parties have attempted to discuss potential settlement of this matter.

**(8) Any other information that the parties believe may assist this Court in resolving the action.**

Respectfully submitted,

The Plaintiff,
Serifos Maritime Corporation,

_____
Thomas L. Tisdale
Tisdale & Nast Law Offices, LLC
Chrysler Building
405 Lexington Ave., 26th Floor
New York, NY 10174

The Defendant,
Glencore Singapore Pte Ltd.,

_____
Herbert Smith Freehills New York LLP
Peter J. Behmke
Michael P. Jones
Barron M. Flood
450 Lexington Avenue
New York, NY 10017