CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM



TISDALE
& NAST

LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

December 21, 2022

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: **Serifos Maritime Corporation v. Glencore Singapore Pte Ltd.**
      **22-CV-8012**
      **T&N File No. 2984**

Dear Judge Schofield,

  We are counsel for the Plaintiffs Serifos Maritime Corp. ("Serifos") and Andros Maritime Agencies Ltd. ("Andros")[1] and write in response to Defendant Glencore Singapore Pte Ltd.'s ("Glencore" or "Defendant") letter dated December 14, 2022 (ECF No. 14). A simple amendment of the Verified Complaint cures any claimed defects and renders a motion to dismiss meritless. However, Plaintiffs will respond to all four (4) grounds for Defendant's motion to dismiss.

**1.**  **Lack of Personal Jurisdiction**

  Plaintiffs disagree that Serifos cannot invoke the mandatory forum selection clause in the Glencore General Terms and Conditions ("GTC.") However, to avoid needless motion practice which will burden the Court and parties, Plaintiff will add Andros as a named plaintiff to this action. Since Glencore relies on no other ground for its argument that this Court lacks personal jurisdiction over it, the addition of Andros as a plaintiff obviates this argument. This will also eliminate any service of process issues since the GTC call for service by courier on Glencore.

**2.**  **Breach of Contract Claim**

  The same is true for the second ground set forth in Glencore's letter. Glencore argues that Serifos was not a party to the contract and therefore has no rights under same. While this argument ignores agency principles, industry practice and papers over legal principles such as equitable estoppel and third-party beneficiary status, Plaintiffs' proposed amendment to the Verified Complaint easily cures this claimed deficiency by adding the party which Glencore concedes in

---

[1] As will be discussed in more detail herein, Plaintiff respectfully advises the Court that it intends to amend its Verified Complaint to, *inter alia*, add Andros as a party plaintiff. A proposed Verified Amended Complaint is attached hereto as **Exhibit 1**.

its letter is a party to the contract, Andros. Rather than waste time and resources in needless motion practice, Plaintiffs intend to amend their pleading.

**3.     Negligence, Strict Liability and Gross Negligence**

Counts II-IV, and VI of the Verified Complaint allege that the fuel bunkers delivered to Plaintiffs violated international standards (§ 15), that Glencore has extensive prior experience with the effects of contaminated bunkers (§§16-17), that Glencore knew of the damage which contaminated bunkers causes to vessels (§21), and that in fact Glencore had prior knowledge of contamination issues with the bunkers delivered to the Plaintiffs (§§25-26). These facts are sufficient at the Rule 12 stage to allege extra-contractual claims arising from Glencore's misconduct.

In *Curacao Oil N.V. v. Trafigura Pte. Ltd.,* a case upon which Glencore relies, the parties to the subject transaction performed an initial test upon the delivery of the bunkers and accepted the results of same. The contract in that case provided that this test was to bind the parties. *Curacao Oil N.V. v. Trafigura Pte. Ltd.,* 67 Misc. 3d 1235(A), 128 N.Y.S.3d 781, 2020 N.Y. Slip Op. 50752(U), 2020 WL 3494685, at *3 (N.Y. Sup. Ct.)(subsequent history omitted).

The determinative fact in that case was that the contract provided that one named laboratory "shall determine ... the quality of the product," and its determination "shall be final and binding on the parties for all purposes save for fraud or manifest error." As a result, that lab's determination is "final and binding" as to fuel oil quality, full stop. *Id.*

Here, the poor quality of the bunkers Glencore supplied to the Vessel required Plaintiffs to take swift actions to avoid catastrophic physical damage to the Vessel's machinery. (ECF No. ¶ 26). This is an exception to the economic loss rule espoused by the Defendant. Acts taken in mitigation to prevent permanent physical damage can serve as the physical damage requirement under the economic loss rule. *Catalyst Old River Hydroelectric v. Ingram Barge Co.,* 639 F.3d 207, 213 (5th Cir. 2011)(citing *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.,* 71 F.3d 198 (5th Cir. 1995)). Thus, the economic loss doctrine is of no comfort to the Defendant.

As to gross negligence, Plaintiffs allege that in fact Glencore had prior actual or constructive knowledge of the defective nature of the bunkers. This will be the subject of discovery and is inappropriate for resolution on the pleadings.

**4.     Intentional / Fraudulent Misrepresentation**

In their proposed Verified Amended Complaint, the Plaintiffs allege additional facts supporting this cause of action. Further, this cause of action will require discovery on what Glencore knew and when they knew it. The fact that there is a plethora of other claims against Glencore arising out of the bunkers they supplied in Singapore during the time in question further underscores the need for discovery.

**Conclusion**

Plaintiffs have attached their proposed Verified Amended Complaint hereto as **Exhibit 1**. This proposed pleading resolves the issues raised by Defendant in its December 14, 2022 letter. Although Plaintiffs believe their original Verified Complaint was sufficient, the simple amendment under Rule 15(a) rectifies any claimed deficiencies and avoids the need for delays associated with motion practice. If Defendant proceeds to file a motion to dismiss on grounds clearly obviated by the amendment, Plaintiffs reserve their right to seek costs and fees associated with such a motion. Furthermore, since the Defendants' proposed motion will not dispose of the case in its entirety, Plaintiffs will oppose any motion by Defendants to stay discovery.

We thank the Court for its time in this matter and remain available to address any issues which may arise.

                              Respectfully submitted,
                              Attorneys for Plaintiffs,

By:      /s/ Thomas L. Tisdale
            Thomas L. Tisdale (TT5263)
            Timothy J. Nast (TN8578)
            Tisdale & Nast Law Offices, LLC
            Chrysler Building
            405 Lexington Ave., 26th Floor
            New York, NY  10174
            Tel:    212-354-0025
            *ttisdale@tisdale-law.com*
            *tnast@tisdale-law.com*