

CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM

TISDALE
& NAST
LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

January 17, 2023

<u>*Via ECF*</u>
Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **Serifos Maritime Corporation and Andros Maritime Agencies Ltd. v. Glencore Singapore Pte Ltd.**
            **22-CV-8012 LGS**
            **T&N File No. 2984**

Dear Judge Schofield,

       We are counsel for Plaintiffs Serifos Maritime Corporation and Andros Maritime Agencies Ltd. ("Plaintiffs") and write to respond to Defendant Glencore Singapore Pte Ltd.'s ("Glencore" or "Defendant") letter dated January 6, 2023. (ECF No. 19).

       Glencore's purpose is to delay proceedings in this matter by raising specious arguments which have little or no support under controlling law. Defendant appears to have abandoned its arguments regarding service of process, venue, and personal jurisdiction. The remainder of Glencore's arguments rest on easily distinguishable authorities and are inappropriate for a Rule 12 motion. Plaintiffs respectfully request that discovery commence immediately and not be stayed during the pendency of Glencore's contemplated motion to dismiss.

       Additionally, the briefing schedule for the motion to dismiss proposed by Defendant is far too generous. Specifically, Glencore previously indicated that it intended to file a motion to dismiss as early as January 27, 2023. (ECF No. 14, p. 3). As such, Glencore should file its motion by January 30, 2023, with Plaintiffs' opposition due by February 20, 2023, and Defendants' Reply due by March 6, 2023.

**1.    Breach of Contract Claim**

       The *VL8* case Glencore cites is clearly distinguishable since it involved different facts and the amended complaint at issue in that case did not contain the factual allegations establishing the plausibility of extra-contractual claims which invalidate any purported limitations contained in the Glencore General Terms and Conditions ("GTC"). The *VL8* court dismissed the third-party

beneficiary breach of contract count[1] because the subject complaint did not plead a basis to invalidate the exculpatory clause such as implicit wrongdoing and that the initial sampling and testing at delivery showed the fuel was "on-spec." *VL8 Pool, Inc. v. Glencore Ltd.*, 20-CV-20530 (ALC), 2021 WL 6113981, at *3 (S.D.N.Y. Dec. 27, 2021). In this case, during the delivery of the bunkers to the Vessel, samples were collected and distributed to the parties. Plaintiffs, as reasonably prudent ship owners, sent a sample to be tested to establish that the bunkers satisfied the general parameters of the ISO 8217:2017 specifications. As Glencore was aware, usually by the time the test results would be received, the stemmed vessel would be well on its way to its destination with only a small quantity of previously loaded and tested bunkers onboard. (ECF No. 17, ¶ 13). The *VL8* complaint was clearly distinguishable from the one presently before this Court.

In the Verified Amended Complaint (ECF No. 17), Plaintiffs allege extra-contractual causes of action which vitiate Glencore's alleged limitations of and exonerations from liability. *See* Count One. The paragraphs of the Amended Verified Complaint detailing Glencore's extensive prior experience with contaminated bunkers, its knowledge of the defective bunkers from having supplied them to other vessels, and its multiple misrepresentations as to the quality of the bunkers are more than sufficient to allege the requisite implicit wrongdoing and/or fraudulent misconduct. *See e.g.* ¶ 25. When read as a whole, Plaintiffs' Amended Verified Complaint contains significant additional allegations which render cases like *VL8* inapplicable. Glencore's knowledge and the sheer volume of other vessels supplied with these bunkers alone establishes the plausibility of Plaintiffs' extra-contractual claims.

Glencore's suggestion that the breach of contract count should be dismissed because Andros does not allege that it suffered loss ignores basic principles of agency and equitable estoppel. It has no merit.

**2.     Negligence, Strict Liability, and Gross Negligence**

Plaintiffs' original Verified Complaint sufficiently stated claims for negligence, strict liability, and gross negligence. (ECF No. 15).

Counts II-IV, and VI of the Amended Verified Complaint (ECF No. 17) allege that the fuel bunkers delivered to Plaintiffs violated international standards (¶ 15), that Glencore has extensive prior experience with the effects of contaminated bunkers (¶¶16-17), that Glencore knew of the damage which contaminated bunkers causes to vessels (¶21), and that in fact Glencore had prior knowledge of contamination issues with the bunkers delivered to the Plaintiffs (¶¶25-26). These facts are sufficient at the Rule 12 stage to allege extra-contractual claims arising from Glencore's misconduct and will only be amplified through discovery.

Defendant fails to elaborate on why it believes the exception to the economic loss rule referenced in Plaintiffs' prior letter is limited to the facts of those cases. Acts taken in mitigation to prevent permanent physical damage can serve as the physical damage requirement under the economic loss rule. *Catalyst Old River Hydroelectric v. Ingram Barge Co.*, 639 F.3d 207, 213 (5th

---

[1] The court also dismissed an indemnity and contribution count for multiple grounds which are not germane here.

2

Cir. 2011)(citing *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198 (5th Cir. 1995)). The fact that the Second Circuit has not yet explicitly adopted this rule does not render it inapplicable.

As to gross negligence, Plaintiffs allege that in fact Glencore had prior actual or constructive knowledge of the defective nature of the bunkers. This will be the subject of discovery and, as will be discussed further below, is inappropriate for resolution on the pleadings.

3. **Fraud**

Contrary to Glencore's argument, the filing of the Complaint was not a pretext for discovery of unknown wrongs. In a nutshell, Glencore knowingly sold dangerously deficient bunkers to Plaintiffs and literally hundreds of other vessels and vessel interests which resulted in massive damages. This was an industry-wide event. As to the Plaintiffs in the instant case, their actions were necessary to avoid catastrophic damage to the vessel, her crew, and the environment.

Knowledge (¶¶54, 58) and fraudulent intent (¶¶52, 59,60) have been pled. The paragraphs incorporated into Count V provide further details regarding what Glencore knew and how Plaintiffs relied upon Glencore's multiple false representations as to the quality of the bunkers to their detriment.

Glencore's attempt to deprive Plaintiffs of their right to discovery on these matters fails.

4. **Glencore's Arguments are Inappropriate for a Motion to Dismiss**

Rule 8 requires a civil complaint to plead "enough facts to state a claim to relief that is plausible on its face." *Corley v. United States*, 11 F.4th 79, 89, (2d Cir. 2021)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). For a plaintiff to "nudge" its claim across the line from conceivable to plausible, it must raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged, even if it strikes a savvy judge that actual proof of those facts is improbable. *Bensch v. Est. of Umar*, 2 F.4th 70, 78 (2d Cir. 2021)(citing *Twombly*, 550 U.S. at 556, 570, 127 S.Ct. 1955)). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Palin v. New York Times Co.,* 940 F.3d 804, 810 (2d Cir. 2019)(cleaned up).

Regarding Counts II-IV, and VI, the allegations in Plaintiffs' Amended Verified Complaint are more than sufficient to satisfy the plausibility pleading requirement. For example, Defendant argues that Plaintiffs' allegation at Paragraph 26 of the Amended Complaint regarding the necessity of the Plaintiffs' actions to avoid serious **additional** damage to the Vessel is "vague and conclusory" such that it does not meet the basic pleading requirements. It is unclear what precisely Defendant claims is vague and conclusory. Plaintiffs need not provide precise technical detail in their pleadings. This is not what the Federal Rules or the Supreme Court's dictates regarding the pleading standard require. Defendant also conveniently ignores the word "additional" in Paragraph 26. A reading of Paragraph 26 in its entirety clearly places all parties on notice that had Plaintiffs not taken these actions, additional catastrophic damage to the Vessel's equipment would have been sustained. This sort of technical, semantic exercise is inappropriate on a motion to

dismiss. Plaintiffs respectfully submit that any motion to dismiss filed by Defendant would be a waste of resources.

Plaintiffs look forward to discussing these issues with the Court at the January 25, 2023 conference and thank the Court for its time and consideration.

Respectfully submitted,

Thomas L. Tisdale