UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERIFOS MARITIME CORPORATION and ANDROS MARITIME AGENCIES LTD.<br><br>                              Plaintiffs,<br>       vs.<br>GLENCORE LTD.<br>                              Defendant. | Case No. 22 Civ. 8012 (LGS) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, plaintiffs Serifos Maritime Corporation and Andros Maritime Agencies Ltd. and defendant Glencore Singapore Pte Ltd. have agreed to the following terms governing the exchange of documents, information or other things that are produced or disclosed in connection with the above-captioned action (the "Action"); and

WHEREAS, the following terms will expedite the exchange of discovery material in the Action, facilitate the prompt resolution of disputes over confidentiality, and protect discovery material entitled to be kept confidential;

**IT IS HEREBY STIPULATED, AGREED, [AND ORDERED]** that the following provisions shall govern the use and disclosure of documents and information covered by this stipulation and proposed protective order (the "Protective Order").

1. **Proceedings and Information Governed**. This Protective Order is made under Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). It applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this Action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Confidential Information – Attorneys' Eyes

1

Only" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. **Designation and Maintenance of Documents and Information**. The "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designations mean that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential.

3. **Documents Produced in Discovery and Depositions.**

   A.   Documents

   i.   Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

   **"CONFIDENTIAL"** or **"CONFIDENTIAL INFORMATION"**

   ii.  Any party may designate documents produced in connection with this litigation as "Confidential Information – Attorneys' Eyes Only" if, at the time of such designation, a commercial officer of the producing party certifies, in writing to the requesting party, that each document to be so-designated reflects confidential ongoing commercial relationships between the party and a non-party to this action or otherwise reflects ongoing, present commercial strategy, the disclosure of which to the requesting party at any lower level of designation would create a substantial risk of competitive or commercial disadvantage.

Documents and things may be designated as "Confidential Information – Attorneys' Eyes Only" by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY"**

    iii. Prior to designating any document as "Confidential Information – Attorneys' Eyes Only," a producing party must first produce a version of the document with the lower "Confidential" designation and any specific information reflecting ongoing commercial relationships or ongoing present commercial strategy redacted from the document.  The redactions shall be strictly limited only to the specific information reflecting ongoing commercial relationships or ongoing present commercial strategy.   If the receiving party subsequently requests an unredacted version of the document, the unredacted version may then be produced as a new document with the designation "Confidential Information – Attorneys' Eyes Only" and the requisite certification will be provided.

  B. Depositions

    i. For deposition testimony or exhibits to be entitled to protection under this Protective Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

    ii. If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only."

      iii.  During the transcription and following the fourteen (14) day period after delivery of the transcript, the transcript and exhibits must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

      iv.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Information – Attorneys' Eyes Only in a secure manner and to ensure that they are appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

      v.  If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information.

      vi.  Failure to designate a deposition transcript or any portion of a deposition transcript shall have no impact on and shall not operate as or be construed as a waiver or withdrawal of any designation applied to a document produced in this Action and any documents referred to or used as exhibits in any deposition shall retain any designations made under this Protective Order.

  **4.**  **Limits on Designation.**  Notwithstanding any other provision in this Protective Order, nothing herein shall impose any restriction on the use of or disclosure by a party of its own information. Nor shall this Protective Order be construed to prevent a party from disclosing

4

Confidential Information or Confidential Information – Attorneys' Eyes Only to any person whom a document clearly identifies as an author, addressee, or carbon copy recipient of such document.

    **5.**    **Inadvertent Failure to Designate**.

        A.    The inadvertent failure to designate a document as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" will not be a waiver of a claim that the document contains confidential information and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

        B.    In the event a producing party makes a late designation of a document as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designation.

    **6.**    **Challenges to Designations**.  A party's designation of documents as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" is not binding if the procedures below are followed:

        A.    A receiving party may challenge a producing party's designation at any time.  Any receiving party may request in writing that the producing party change the designation.  Within fourteen (14) days after receipt of a written challenge, the producing party must advise the receiving party whether or not it will change the designation.

        B.    If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer in good faith to resolve the designation dispute.  If they cannot resolve the issue, the receiving party may seek an order to alter the confidential

status of the designated information.  The party seeking to designate information as confidential must demonstrate good cause pursuant to Federal Rule of Civil Procedure 26(c) and any other applicable rule or legal provision.

        C.        Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" designation will remain in full force and effect, and the disputed document will continue to be protected by this Protective Order.

        **7.**        **<u>Disclosure and Use of Confidential Information</u>**.

        A.        Information designated as "Confidential Information" may only be used for purposes of preparation, trial, and appeal of this Action.

        B.        Subject to paragraph 10 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:  **(a)** employees of the receiving party who are required in good faith to provide assistance in this litigation, including any settlement discussions, **(b)** in-house counsel of the receiving party who are responsible for overseeing this litigation; **(c)** outside counsel of record for the receiving party; **(d)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(e)** experts or consultants; **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and **(g)** the Court and its staff.

      C.    Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

      D.    "Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; **(c)** any person or entity noticed or called to testify at a deposition or at trial in the Action, provided that such person or entity demonstrates their agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; or **(d)** counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this section 7(D) during a deposition or other presentation of testimony, only the reporter, the witness, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this section 7(D) does not constitute a waiver of the confidential status of the material so disclosed.

    **8.**    **Disclosure and Use of Confidential Information – Attorneys' Eyes Only**.

      A.    Information designated as "Confidential Information – Attorneys' Eyes Only" may only be used for purposes of preparation, trial, and appeal of this Action.

      B.    Subject to paragraph 10 below, "Confidential Information – Attorneys' Eyes Only" may be disclosed by the receiving party only to the following individuals, provided

that such individuals are informed of the terms of this Protective Order: **(a)** in-house counsel of the receiving party who are responsible for overseeing or providing assistance in this litigation; **(b)** outside counsel of record for the receiving party; **(c)** supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(d)** experts or consultants, provided that such expert or consultant demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; **(e)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and **(f)** the Court and its staff.

        C.      "Confidential Information – Attorneys' Eyes Only" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent, provided that such person demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person, provided that such person demonstrates agreement to abide by the terms of this Protective Order by executing the Confidentiality Agreement in the form attached as Exhibit A.  In the event of disclosure under this section 8(C) during a deposition or other presentation of testimony, only the reporter, the witness, his or her counsel, the presiding judge, and persons to whom disclosure may be

made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information – Attorneys' Eyes Only.  Disclosure of material pursuant to this section 8(C) does not constitute a waiver of the confidential status of the material so disclosed.

9. **Non-Party Information**.  The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

10. **Filing Documents With the Court**.  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

11. **No Prejudice**.  Producing or receiving "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, will *not*:  **(a)** operate as an admission by any party that any particular "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

12. **Conclusion of Litigation**.  Within sixty (60) days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

13. **Other Proceedings**.  By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14. **Remedies**.  It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

15. **Relief from Protective Order**. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

16. **Court's Discretion in Opinions and Orders**. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED:**

Dated:  May 5, 2023

| | |
|---|---|
| */s/ Timothy J. Nast* | */s/ Barron M. Flood* |
| Thomas L. Tisdale | Peter J. Behmke |
| Timothy J. Nast | Michael P. Jones |
| Tisdale & Nast Law Offices, LLC | Barron M. Flood |
| Chrysler Building | Herbert Smith Freehills New York LLP |
| 405 Lexington Ave., 26th Floor | 450 Lexington Avenue |
| New York, NY 10174 | New York, New York 10017 |
| *Attorneys for Serifos Maritime Corporation and Andros Maritime Agencies Ltd.* | *Attorneys for Glencore Singapore Pte Ltd.* |

For applications and motions to the Court in connection with which a Party submits Confidential Material, all documents containing Confidential Material that are submitted to the Court shall be filed electronically and under seal pursuant to the procedures provided in the court's Individuals Rules 1.D.3-4, as applicable.  The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.

Dated: May 8, 2023

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERIFOS MARITIME CORPORATION and ANDROS MARITIME AGENCIES LTD.<br><br>                            Plaintiffs,<br>vs.<br><br>GLENCORE LTD.<br>                            Defendant. | Case No. 22 Civ. 8012 (LGS) |

**CONFIDENTIALITY AGREEMENT**

I, _____, under penalty of perjury pursuant to 28 U.S.C. § 1746, state that:

1. Information, including documents and things, designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" as defined in the Stipulation and Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Protective Order.

5. I agree not to use any "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" disclosed to me pursuant to the Protective Order except for purposes of the above captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

2

Signed at _____, _____, this _____, day of _____, 20\_\_\_.

_____