

| CHRYSLER BUILDING<br>405 LEXINGTON AVE., 26TH FLOOR<br>NEW YORK, NY 10174<br>212-354-0025<br>FAX: 212-869-0067<br><br>TL@TISDALE-LAW.COM | **TISDALE<br>& NAST**<br>LAW OFFICES, LLC | 10 SPRUCE STREET<br>SOUTHPORT, CT 06890<br>203-254-8474<br>FAX: 203-254-1641<br><br>WWW.TISDALE-LAW.COM |

July 26, 2023

> Defendant shall respond to this letter, not to exceed three pages, by **August 1, 2023.** A telephonic conference will be held on **August 2, 2023, at 4:30 P.M.** The parties shall dial 888-363-4749 and enter access code 558-3333. The parties are ordered to meet and confer again in an effort to resolve these issues prior to the conference. The conference will be canceled if the issues are resolved beforehand. The parties are reminded that the discovery deadline will not be extended absent a showing of diligence.

<u>Via ECF</u>

*/s/ Lorna G. Schofield*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re: Serifos Maritime Corporation and Andros Maritime Agencies Ltd. v. Glencore Singapore Pte Ltd.; 22-CV-8012 LGS; T&N File No. 2984

> So Ordered.
> Dated: July 28, 2023
> New York, New York

Dear Judge Schofield,

We are counsel for Plaintiffs Serifos Maritime Corporation and Andros Maritime Agencies Limited ("Plaintiffs") and write in accordance with Your Honor's Individual Practices in Civil Cases to respectfully bring to the Court's attention a discovery dispute which has arisen in this matter and to respectfully request a pre-motion conference.

The Parties exchanged responses and objections to each other's First Requests for Production of Documents by March 20, 2023 and April 3, 2023, respectively. Based on information contained in GSPL's first production, Plaintiffs served Second Requests for Production of Documents in response to which Defendant served responses and objections. Since that time, the parties have worked together in good faith to resolve as many differences as possible. Specifically, the Parties exchanged numerous letters and held multiple meet-and-confer sessions by Zoom and telephone, which resulted in very significant progress. However, the parties have reached an impasse regarding Defendant Glencore Singapore Pte Ltd.'s ("Defendant" or "GSPL") refusal to remove unilateral redactions from over 400 pages out of the approximately 1,660 pages of responsive documents on the purported basis that the redacted information is "not relevant." The second issue is that Defendant refuses to produce documents relating to any notices of claim for contaminated fuel they received after March 12, 2022. Finally, Defendant has produced a very small number of GSPL communications regarding the contamination event, the steps taken in response, or the decision to continue selling contaminated product even after learning of the contamination. While a small number of internal communications were produced on July 24, 2023, Plaintiffs cannot assess whether this production is complete without the privilege and "redaction" log promised by GSPL, but which it has yet to produce. Since the scheduling order is running and Plaintiffs have noticed the Rule 30(b)(6) deposition of Defendant, Plaintiffs cannot wait any longer to raise these issues.

1.  **GSPL's Relevance-Based Unilateral Redactions of Responsive Documents**

Defendant has produced a total of 1,660 pages of documents in response to Plaintiffs' First Request for Production. Of those 1,430 pages, approximately 400 are either redacted in full or partially redacted based on Defendant's unilateral determination that the information redacted is not relevant or somehow relates to commercial information. Among the categories of confidential information set forth in the Protective Order (ECF No. 39) are commercially sensitive documents. There is no basis for Glencore to redact based on its unilateral belief that certain information is irrelevant.

Numerous courts in this District and others have expressed serious concern about such reductions. *See e.g. Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54, 2018 WL 4941773 (S.D.N.Y. 2018)(citing *Cyris Jewels v. Casner*, No. 12-CV-01895 (KAM) (SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016); *see also Durling v. Papa John's Int'l, Inc.*, No. 16-CV-03592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018); *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-0333 (RJH) (DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009); *In re Restasis (Cyclosporins Opthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2018 WL 3007926, at *1 (E.D.N.Y. June 4, 2018).

On May 8, 2023, the Court entered the stipulated Protective Order, which was the product of substantial negotiation and provides a mechanism for a party to redact certain information, *i.e.*, sensitive commercial information or pricing information. (ECF No. 39). However, relevance is not a basis in the operative protective order or under the Federal Rules for redacting or withholding information contained in otherwise responsive documents. Defendant, by producing partially or entirely redacted documents, has conceded that these documents are, in fact, responsive to Plaintiffs' Requests for Production. Other than stating that they are irrelevant and relate to commercial information, GSPL has articulated no basis for withholding this information, and doing so is contrary to the overwhelming weight of authority, which strongly disfavors this tactic.

Plaintiffs respectfully request that this Court order Defendant to remove all redactions from its production other than those which were redacted according to the terms of the Protective Order.

2.  **Documents Relating to Notices of Claim Received after March 12, 2023.**

The contamination of bunkers supplied to vessels in Singapore between approximately February 2022 through April 2022 was a widespread occurrence which affected many parties. Plaintiffs' Requests for Production of Documents properly seeks documents relating to this entire period and is not limited to Plaintiffs' stem on or about March 12, 2022, or notices of claim received prior to that stem. (*See e.g.* Plaintiffs First Request Numbers 3, 4, 12, 15, 19, 30, 31). GSPL's acts, omissions, and response after it learned of the contamination are relevant to all the causes of action asserted in Plaintiffs' operative Complaint and falls squarely within the Plaintiffs' Requests for Production and the scope of discovery permitted by Federal Rule of Civil Procedure 26.

Plaintiffs' Amended Complaint alleges that Defendant had a duty to warn Plaintiffs, as innocent parties, of the contaminated bunkers GSPL sold to other customers in Singapore in early 2022. As Defendant knows well, bunkers supplied to commercial vessels usually are not consumed immediately upon delivery. Rather, it can be several days or more before the product is consumed or "burned" by the vessel. If, after the bunkers were delivered to the Plaintiffs' Vessel

in this case, March 12, 2022, Glencore received additional notices of claim or documents relating to additional claims, this is highly relevant to Plaintiffs' causes of action, all of which would be bolstered if GSPL received additional claim notices after they supplied the contaminated bunkers to Plaintiffs yet failed to take any steps to warn Plaintiffs of the contamination. *See* Counts 3-6 of Plaintiffs' Amended Complaint. Had Defendant warned Plaintiffs of the contamination, perhaps these bunkers would not have been burned and Defendant may have been able to help Plaintiffs mitigate their damages. For example, if Defendant received multiple additional notices of claim after the stem to the Plaintiffs on March 12, 2022, but Defendant failed to take any steps to warn Plaintiffs or any other parties about the contamination, this would evidence Defendant's gross negligence and breach of its duty to warn, as alleged in Plaintiffs' operative Complaint.

The size and scope of the Glencore Singapore 2022 supply of contaminated bunkers is properly the subject of discovery. This information is material to several central facts and issues in this case, and may lead to the discovery of other admissible evidence. It is black letter law that the scope of discovery under Federal Rule of Civil Procedure 26 is broad. Defendant's restrictive and narrow reading of this rule misses the mark and its attempt to define the scope of discovery contravenes Rule 26.

### 3. Defendant's Internal Communications

Except for several allegedly privileged communications involving counsel, Defendant's production to date included virtually no communications among Glencore regarding the contamination event or the Glencore response. The documents identified in the privilege log dated May 19, 2023 start on March 23, 2022 and Defendant has produced documents which establish that it knew of the contamination (or serious potential therefor) as of at least the first week in March, 2022. Since the absence of any communications by, to, or from the Defendant regarding this widespread industry event caused by its delivery of contaminated fuel before March 23, 2022 is puzzling, Plaintiffs met and conferred with Defendant. Defendant agreed to perform additional searches seeking any such communications. However, as of the filing of this letter, Plaintiffs have only received a small number of internal GSPL communications and no privilege or "relevance" log for GSPL's third production dated July 24, 2023. Since Plaintiffs must proceed with discovery, they are compelled to bring this issue to the Court's attention without further delay. Communications regarding Glencore's response to learning of the contamination and its decision to continue to supply the defective fuel weeks after learning of the possibility of the contamination are central to the issues in this litigation and must be produced. If GSPL can clarify this issue before the pre-motion conference, Plaintiffs will provide an update to the Court.

Plaintiffs reserve the right to seek further guidance from the Court if the parties are unable to resolve any disputes, which may arise in the discovery process in the future. Plaintiffs will continue to make every effort not to involve the Court in discovery disputes, and to conserve the Court's valuable resources in this regard.

Respectfully submitted,

Timothy J. Nast

3