

Hon. Lorna G. Schofield  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Herbert Smith Freehills New York LLP  
450 Lexington Avenue, 14th floor  
New York, NY 10017  
USA  
T  +1 917 542 7600  
F  +1 917 542 7601  
D  +1 917 542 7611  
E  peter.behmke@hsf.com  
www.herbertsmithfreehills.com

Date  
September 22 2023

By email

**Re:   Serifos Maritime Corporation v. Glencore Singapore Pte Ltd.,  
S.D.N.Y. Case No. 1:22-cv-8012 (LGS)**

Dear Judge Schofield,

This firm represents Glencore Singapore Pte Ltd. ("GSPL").  We write pursuant to the Court's Order dated September 21, 2023 (ECF No. 51), denying without prejudice the motion of GSPL to file Exhibit D to the Declaration of Peter J. Behmke in Support of GSPL's Motion to Dismiss ("Behmke Declaration"; ECF No. 30-4) under seal in its entirety.  GSPL respectfully requests permission to file on the public docket a version of Exhibit D with all provisions cited or relied upon by the parties (and therefore relevant to the Motion to Dismiss) or otherwise publicly available in unredacted form, with the remaining, irrelevant provisions redacted and filed under seal.  The version of Exhibit D that GSPL respectfully requests be filed on the public docket is enclosed herewith.

Exhibit D is a document entitled "ISO 8217:2017," which is an international standard for fuel oil developed and published by the International Organization for Standardization ("ISO").  While certain portions of ISO 8217:2017 are publicly available or regularly quoted in industry publications, the complete document is subject to copyright and is only available for purchase online, including through the ISO website.  The current price for ISO:8217:2017 is approximately US $137.[1]

Plaintiffs' Amended Complaint (ECF No. 17, "Am. Compl.") cites to and quotes from three portions of ISO:8217:  Clause 5 (Am. Compl. ¶ 15), Clause 6.6 (*id.* ¶ 22); and Annex B (*id.* ¶ 15).  These three portions are also discussed in GSPL's Memorandum of Law in Support of its Motion to Dismiss (ECF

---

[1]   *See* https://www.iso.org/standard/64247.html.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
September 22 2023
Letter to
Hon. Lorna G. Schofield

No. 28).  Neither party is relying on any other portion of the standard.  The three portions relevant to plaintiffs' claims and GSPL's motion are readily available online and, accordingly, have not been redacted in the version enclosed herewith for proposed filing on the public docket.

Although a judicial document is presumptively subject to public inspection, a court may keep it under seal if "that sealing is necessary to preserve higher values" and if "the sealing order is narrowly tailored to achieve that aim."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Limited sealing of the portions of ISO 8217:2017 that are not publicly available or relevant to the Motion to Dismiss is necessary to preserve higher values.  Such higher values consist of "the privacy interests of third-parties," *Brandon v. NPG Recs., Inc.*, 2020 WL 2086008, at *9 (S.D.N.Y. April 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020) (citation omitted), including a third party's rights under copyright law.  *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, 2022 WL 1450737, at *2–3 (S.D.N.Y. May 9, 2022) (finding that a party demonstrated higher values sufficient to overcome the presumption of access when, among other reasons, the document the party sought to keep under seal was copyrighted); *see also Dellinger v. Mays*, 2020 WL 13826851, at *2 (E.D. Tenn. Oct. 9, 2020) (granting motion to file a DVD under seal because it was copyrighted by a third party and sealing is "necessary to prevent the public and non-parties from circumventing the copyrighted DVD by watching it for free").

Filing of the ISO 8217:2017 standard on the public docket, in its entirety, could create a channel for the public to download, use or disseminate the ISO's copyrighted document.  The proposed limited redactions to the ISO 8217:2017 standard are therefore appropriate because they would prevent that possible circumvention of a third party's copyrights, while ensuring the public's right to inspect all provisions of the standard that are relevant to the pending Motion to Dismiss.  *See Automated Mgmt. Sys.*, 2022 WL 1450737, at *2–3 (finding proposed redactions were "reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed").

Accordingly, GSPL respectfully requests permission to file the full, unredacted version of Exhibit D to the Behmke Declaration under seal, and to file on the public docket the enclosed version of ISO 8217:2017 with the portions that are not relied on by the parties and not publicly available in redacted form.

Respectfully submitted,

/s/ Peter J. Behmke

Peter J. Behmke

cc:   All Counsel of Record (by ECF)

"The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

Defendant's motion to seal the document at Dkt. No. 30-4 (Exhibit D) is GRANTED for substantially the reasons stated in this letter. The Clerk of Court is respectfully directed to maintain the document at Dkt. No. 30-4 under seal, and to close the letter motion at Dkt. No. 52.

Dated: October 30, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**