CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM



# TISDALE & NAST
## LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

November 8, 2023

*Via ECF*
Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: **Serifos Maritime Corporation and Andros Maritime Agencies Ltd. v. Glencore Singapore Pte Ltd.**
      **22-CV-8012 LGS**
      **T&N File No. 2984**

Dear Judge Schofield,

  We are counsel for Plaintiffs Serifos Maritime Corporation and Andros Maritime Agencies Limited ("Plaintiffs") in the above-captioned action and write without the consent of Defendant Glencore Singapore Pte Ltd ("GSPL") to respectfully request a stay of discovery while the Plaintiff's Proposed Second Amended Complaint ("SAC") is under consideration and a brief extension of the deadlines presently in place or, alternatively, to allow discovery to proceed on all causes of action included in the SAC (with a short extension). As noted above, GSPL opposes this request.

  As noted in our letter to the Court seeking a premotion conference (Dkt.60), we believe good cause exists for the filing of the SAC. The amendments set forth in Plaintiffs' SAC, which repleads the tort causes of action of gross negligence and intentional misrepresentation, are supported almost entirely by documents produced by GSPL in this matter just before the Court's September 28, 2023, Opinion and Order (Dkt. 53). Your Honor may recall that Plaintiffs agreed to adjourn the in-person deposition of GSPL's Fed.R.Civ.P. 30(b)(6) witness from August until October since he was awaiting the birth of a child. Had that deposition gone forward, especially after GSPL's September 27, 2023 document production, the bases for Plaintiffs' request to file the SAC may have been even stronger. Under the Court's order, by November 9, 2023, GSPL is to write to the Court advising whether they consent to the application to file the SAC. We understand GSPL will be seeking an extension of this deadline until November 14, 2023.

Plaintiffs submit that good cause exists for this request as well. Presently, fact discovery is due to be completed by November 30, 2023, and expert discovery by January 15, 2024. In the Amended Civil Case Management Plan and Scheduling Order (DKT. 49), the parties identified the need for "[c]hemical experts regarding the nature of the bunkers and the alleged danger to vessels and the environment associated with the supply of alleged off-spec bunkers." This expert evidence is relevant to the causes of action which were dismissed, and which are the subject of the SAC. The next stage of discovery is party depositions. If Plaintiffs' request to file the SAC is granted, the scope of discovery will be much broader than presently exists for the breach of contract cause of action only. It is GSPL's position that the only discoverable issue at this time is whether the volume of fuel resupplied by GSPL was less than the volume debunkered. It is their position that: "Whether the debunkered fuel oil met contractual specifications is not relevant to that question." GSPL now objects in full to 26 of the 35 topics listed in Plaintiffs' 30(b)(6)Notice and has partial objections to the remaining 8 topics. Previously, GSPL's objections to Plaintiffs' July 10, 2023, Notice (served on September 21, 2023), related primarily to the definitions and timeframes for the topics, but otherwise objected to very few of the specific topics. The parties had not had the opportunity to meet and confer about those objections before the Court's order was issued.

If the Parties proceed with discovery now only on the limited breach of contract cause of action and the SAC is accepted, then the parties will have to re-call their respective witnesses for depositions and re-depose them. Plaintiffs' witnesses responsive to GSPL's Amended Notices of Deposition served after the Court's decision and the witness(es) who would testify in response to GSPL's earlier-served Notice of Deposition (served when the tort causes of action were included) will be the same individuals. We believe the same is true for GSPL's witness(es). Having to reschedule and repeat the depositions would be wasteful of the parties' resources, the witnesses' and counsel's time, including possible repeat travel to New York, time and arrangements made for preparation and the depositions themselves, etc., and, most importantly, the time of the Court. Furthermore, under the present state of the pleadings, no expert discovery is required by either party. If the SAC is allowed, then experts will need to be disclosed, expert reports exchanged and expert depositions conducted, but more time to do so will be required to re-examine the fact witnesses as to the intentional misrepresentation and/or gross negligence causes of action.

Plaintiffs respectfully request that the Court stay discovery until the Court has decided whether the SAC will be the operative Complaint, and then extend the present schedule an additional 30 days thereafter so that the parties can reasonably conclude the discovery which is necessary. Alternatively, Plaintiffs respectfully request that the Court allow discovery to proceed as if the SAC were the operative Complaint, essentially following the same path as was followed while GSPL's motion to dismiss was pending. Here, too, we respectfully request that all deadlines be extended by 30 days so the parties can conclude all the discovery that is necessary.

This is the second request for extension of the discovery deadlines in this case but barring unforeseen circumstances, Plaintiffs do not expect to request a further extension of these dates.

We remain available to address any questions or concerns Your Honor may have concerning the above-requested extension, or any other matters. We thank the Court for its time and consideration of this request.

Respectfully submitted,

Thomas L. Tisdale