

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7611
E  peter.behmke@hsf.com
www.herbertsmithfreehills.com

By ECF

Date
December 04 2023

Re:  Serifos Maritime Corporation v. Glencore Singapore Pte Ltd.,
S.D.N.Y. Case No. 1:22-cv-8012 (LGS)

Dear Judge Schofield,

This firm represents Glencore Singapore Pte Ltd. ("GSPL").  We write to request a pre-motion discovery conference concerning GSPL's anticipated motion for a protective order to preclude plaintiffs Serifos Maritime Corporation ("Serifos") and Andros Maritime Agencies Ltd. ("Andros") from questioning GSPL's corporate representative as to whether the fuel oil delivered by GSPL met the quality specifications of its sale contract with plaintiffs.  As explained below, that topic was made irrelevant by this Court's Order dated September 28, 2023 ("Order"; ECF No. 53), in which the Court dismissed the vast majority of the First Amended Complaint ("FAC"; ECF No. 17), and a limited settlement agreement that superseded the original sales contract with respect to plaintiffs' only remaining claim.

GSPL further requests that the Court stay the deposition currently scheduled for December 6, 2023, at 7:00 p.m. EST pending a decision on this motion.

The parties have met and conferred on these issues, but have not been able to resolve GSPL's objections to the scope of plaintiffs' intended deposition under Fed. R. Civ. P. ("Rule") 30(b)(6).  Given that the deposition date is quickly approaching, GSPL was required to file this request for a pre-motion conference.

I.  Factual and Procedural Background

This action arises from the sale of approximately 4,110 metric tonnes (mt) of fuel oil by GSPL to plaintiffs' vessel in Singapore.  Plaintiffs asserted a breach of contract claim on the basis that, *inter alia*, the fuel oil did not meet the "general requirements" of the ISO 8217 specification, including that fuel oil cannot contain material at a concentration that could cause the "fuel to be unacceptable for use" or "adversely affect[] the performance" of a ship's machinery.  FAC ¶ 15.  Plaintiffs also asserted related tort claims.  On September 28, 2023, the Court dismissed the tort claims and most of the contract claim.  Order at 12.  As explained in the Order, GSPL removed and replaced the allegedly off-specification fuel oil, with the alleged exception of 62.14 mt, and all of plaintiffs' consequential damages claims were barred.  *Id.* at 7–8.  The Court therefore limited the contract claim to the potential recovery of the "de minimis" expense of removing and replacing the 62.14 mt.  *Id.* at 5, 8.  Plaintiffs allege the market value of the 62.14 mt is $32,996.  ECF No. 8 at 4.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
December 04 2023
Letter to
Hon. Lorna G. Schofield

The removal and replacement of the fuel oil was governed by a partial settlement agreement entered on or about April 28, 2022 (the "Resupply Agreement"), under which the parties agreed that GSPL would "replace the bunkers in Singapore at Glencore's expense in full settlement of that portion of Owner's [Serifos'] claim" and the "debunkering and resupply operation would be in full satisfaction and settlement of any obligation of Glencore to any of these parties to remove and replace the delivered fuel oil under section 7(d) of the Glencore GTCs, or otherwise." **Ex. A** at 2. The commercial terms of the Resupply Agreement, including the quantities to be removed and replaced, measurement methods and operational details, were then discussed and agreed in an email exchange dated May 10, 2022. **Ex. B** at 3–4.

Plaintiffs had served a Rule 30(b)(6) deposition notice on July 10, 2023, before the Order was entered. The notice contained 35 wide-ranging topics largely directed at the now dismissed claims, including disputes with other customers, GSPL's claim against the supplier of the fuel oil, and correspondence with regulators. **Ex. C.** Following the Order, GSPL objected to the notice to the extent it required testimony on topics outside the scope of the only remaining claim. **Ex. D.** In subsequent meet and confer correspondence, plaintiffs did not dispute that the majority of topics were no longer relevant. **Ex. E** at 4.

However, plaintiffs asserted they would question the witness on all of the noticed topics to the extent they related to whether the fuel oil met the quality specifications of the sales contract. **Ex. E** at 4**.** Yet plaintiffs' only remaining claim is that the volume of fuel oil resupplied by GSPL was 62.14 mt less than the volume that GSPL agreed to remove from the vessel. That claim arises under the Resupply Agreement, which imposed the obligation on GSPL to remove and replace an equivalent amount of fuel oil—regardless of the quality of the fuel to be removed.[1] To the extent the original sales contract or its quality terms related to the removal and replacement of the fuel oil, it was expressly superseded and released by the limited settlement term of the Resupply Agreement. Accordingly, there is no longer any "live" issue under the sales contract.

The parties have met and conferred for weeks on this matter, without resolution. In a final attempt at compromise, to streamline the disputed issues, and to allow the deposition to move forward as scheduled, GSPL offered to stipulate that the fuel oil did not meet quality specifications of the contract when it was delivered. **Ex. F.** While GSPL does not agree there was any breach of the sale contract, that issue is immaterial to the remaining claim, and it would be a waste of time and resources to take discovery or further litigate that issue in the context of a "de minimis" shortfall claim of $32,996.

On December 1, 2023, plaintiffs refused that offer, although to date have not articulated any purpose for this discovery in light of the offered compromise. GSPL was therefore required to seek relief from the Court.

### II.  The Court Should Issue the Requested Protective Order

GSPL respectfully requests that the Court issue a protective order to preclude plaintiffs from seeking testimony from GSPL's corporate representative as to whether the fuel oil delivered to plaintiffs met the quality specifications of the original sale contract. The issue is not relevant to plaintiffs' claim.

"[D]istrict courts are empowered to issue protective orders to temper the scope of discovery." *Government Employees Ins. Co. ("GEICO") v. Lexex Services, Inc.*, 2018 WL 1368024, *2 (E.D.N.Y. Mar. 16, 2018) (collecting cases); *see also Wilmington Tr., Nat'l Ass'n v. Samcom 48 (DE) LLC*, 2022 WL 17977499, at *2 (E.D.N.Y. Dec. 28, 2022) (citation omitted) ("a court may issue a protective order striking improper topics in a Rule 30(b)(6) deposition notice").

---

[1]  Moreover, a breach of quality specifications was not a prerequisite for removal and replacement of the fuel oil under the original sales contract, which allowed for removal and replacement in cases of "off-specification or *suspected* off-specification supply." GTCs (ECF No. 31-2) § 7(d) (emphasis added).



Date
December 04 2023
Letter to
Hon. Lorna G. Schofield

In assessing whether to issue a protective order as to a Rule 30(b)(6) deposition notice, the threshold inquiry is whether the topics are relevant to an element of an actual claim or defense in the case. *See Rouviere v. Depuy Orthopaedics, Inc.*, 2020 WL 2999229, *2 (S.D.N.Y. June 3, 2020) ("The deposition topics must be relevant to any party's claim or defense.") (citation omitted); *Wells Fargo Bank, N.A. Trustee v. Konover*, 2008 WL 11377691, *5 (D. Conn. July 10, 2008) ("the parties and the court [should] focus on the actual claims and defenses involved in the action") (citations omitted); *In re Lifetrade Litigation*, 2023 WL 3244517, at *3-4 (S.D.N.Y. May 4, 2023) (striking topic that "does not relate to an element of the claims or any defense and is therefore not an appropriate topic"); *GEICO*, 2018 WL 1368024, at *5 (striking topics where propounding parties "failed to advance any basis for the relevance of the information"); *see also Razzano v. Cnty. of Nassau*, 2009 WL 3064863, at *7 (E.D.N.Y. Sept. 22, 2009) (denying motion to compel where "all of the requested discovery pertains to . . . claims [that] have been dismissed").

For all of the reasons set forth above, the quality issues related to the original delivery of fuel oil are not relevant to any claim or defense in this case. Plaintiffs' sole remaining claim is for an alleged 62.14 mt "shortfall" of fuel oil supplied under the Resupply Agreement. The quality of the fuel oil removed by GSPL has no bearing on whether the Resupply Agreement was breached, plaintiffs' claimed damages, or any defense. It is therefore not relevant and not an appropriate subject for a Rule 30(b)(6) deposition.

And while the lack of relevance is sufficient to issue the protective order, there are numerous additional reasons to do so. *First*, plaintiffs have all test results from GSPL concerning the fuel oil, and questions concerning whether those results complied with the ISO 8217 specification are a matter of legal opinion and expert testimony. *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *4 (E.D.N.Y. Sept. 24, 2019) ("it is improper to use the 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories"); *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 80 (D. Conn. 2010) (quashing Rule 30(b)(6) topic where noticing party had the underlying facts and "[t[he person best equipped to answer questions" was an expert witness). *Second*, the cost and burden of requiring GSPL's witness to prepare for all 35 noticed topics—such as disputes with other customers, interactions with regulators, and GSPL's arbitration claim against its own supplier—to address whether the delivered fuel oil met the ISO 8217 requirement would be far more substantial than otherwise required to testify concerning whether the volume resupplied by GSPL was 62.14 mt less than agreed. That cost and burden cannot be justified, particularly given the lack of relevance to the shortfall claim, and that the claim itself is worth no more than $32,996. *See Pyskaty v. Wide World of Cars, LLC*, 2018 WL 11544551, at *2 (S.D.N.Y. Apr. 9, 2018) (granting protective order limiting scope of topics concerning related events as "not proportional . . . considering . . . the amount in controversy"); *Malanga v. NYU Langone Med. Ctr.*, 2016 WL 7477561, at *2 (S.D.N.Y. Dec. 29, 2016) ("use or evidence [of previous complaints] would only result in a mini-trial").

### III.  The Deposition Should Be Stayed Pending Resolution of This Motion

GSPL respectfully requests that the Court stay the deposition pending a decision on this motion. *Wilmington Tr.*, 2022 WL 17977499, at *1; *Kogut v. Cnty. of Nassau*, 2011 WL 13284714, at *1 (E.D.N.Y. Nov. 14, 2011) (granting *nunc pro tunc* stay of deposition "pending determination of [a] motion to quash"). The current case schedule provides for an end to fact discovery of December 8, 2023 (ECF No. 75) and an end to expert discovery of January 15, 2024 (*id.*). GSPL does not anticipate the need for expert discovery on the shortfall claim, and therefore a brief stay should not impact the overall schedule.

### IV.  GSPL Is Entitled to Costs

GSPL has offered a more than reasonable compromise to avoid the need for motion practice, but plaintiffs have refused to take "yes" for an answer. Under the circumstances, GSPL respectfully requests an award of its costs and fees incurred in connection with this application. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5); *see also Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *7–8 (S.D.N.Y. Apr. 7, 2021).



Date
December 04 2023
Letter to
Hon. Lorna G. Schofield

*   *   *

We are available to discuss the above at the Court's convenience.

Respectfully submitted,

*/s/ Peter J. Behmke*

Peter J. Behmke

cc:     All Counsel of Record (via ECF)