CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM

# TISDALE & NAST
LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

<u>Via ECF</u>                                                                                        December 6, 2023

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

        Re:     **Serifos Maritime Corporation and Andros Maritime Agencies Ltd. v. Glencore Singapore Pte Ltd.; 22-CV-8012 LGS; T&N File No. 2984**

Dear Judge Schofield,

       We are attorneys for Plaintiffs Serifos Maritime Corporation and Andros Maritime Agencies Limited ("Plaintiffs") in this matter and write in response to Defendant Glencore Singapore Pte Ltd. ("GSPL")'s letter motion dated December 4, 2023. (ECF No. 76).

       Plaintiffs served their Fed. R. Civ. P. 30(b)(6) notice of deposition of GSPL on July 10, 2023. The deposition could not proceed during the month of September because the witness' wife was expecting a child. On September 21, 2023, GSPL served its objection to the topics for examination outlined in the matter. (**Exhibit A** hereto). Before they could be addressed, the Court's decision on GSPL's Motion to Dismiss was rendered. (ECF 53). Another four weeks went by before GSPL served its supplemental objection. (ECF No. 76, **Exhibit D**). For the first time, GSPL objected to Plaintiffs' examination of the witness about whether the bunkers in suit met the contract specifications, and or whether the bunkers were contaminated.

       The only objection raised was "the issue of whether the delivered fuel failed to meet contractual specifications is no longer relevant [after the Court's decision] as the only remaining question as to liability is whether the volume of fuel resupplied by GSPL was less than the volume rebunkered." Despite Plaintiffs responding to GSPL's supplemental objection promptly, after receiving it, GSPL has dragged this issue out until immediately before the deposition. And instead of following FRCP Rule 30 and objecting to questions on the issue, they filed an emergency request to stay, postponing yet again Mr. Lancaster's examination, now nearly five months after the notice was served.

       As discussed in further detail below, this information is properly the subject of discovery under Rules 26 and 30. As we proposed to GSPL's counsel during our meet and confer on December 1, 2023, if during the course of the deposition GSPL believes that a question posed by counsel is objectionable, they should lodge an objection on the record and "the examination still proceeds." Rule 30(c)(2).

### I.     <u>The urgency in GSPL's request has been resolved</u>

       Yesterday, December 5, 2023, the parties agreed that the deposition of GSPL (scheduled for this evening) would be adjourned pending the Court's decision of GSPL's request. In particular, subject to the Court's consent, the deposition of GSPL will be conducted at a mutually convenient date within two weeks of the Court's decision (allowing for holidays and pre-arranged vacations), and subject to a Court approved extension of similar duration for all later pretrial deadlines. Before this agreement was presented to the Court, the Order scheduling today's conference (ECF 77) was issued. Subject to the Court's approval of the parties' terms, there is no need for the Court to impose a stay of GSPL's deposition.

## II. The Information Sought in Plaintiffs' Rule 30(b)(6) Notice of Deposition is Relevant

Information regarding the quality of the bunkers delivered by Defendant, and whether the bunkers were, in fact, contaminated and thus off-specification is relevant to what remains of Plaintiffs' breach of contract claim. To prove GSPL's liability under the General Terms and Conditions ("GTC") and their responsibility to replace the fuel, Plaintiffs must first prove that the fuel was contaminated such that it needed to be removed and replaced, and thus breached the sales contract. Under Rule 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any parties' claim, or defense, and proportional to the needs of the case. As GSPL's letter states, the contract provision "allows" GSPL to remove and replace off-spec fuel. The contract does not "require" GSPL to remove and replace. This provision also allows GSPL to require the shipowner to retain and burn the off-spec fuel if GSPL so instructs. (Cl. 7(d)). There are various conditions which would render fuel off-specification but not require it to be removed and replaced, such as excessive water or sediment (which usually can be safely managed or eliminated by the vessel's engineers). Here, Plaintiffs must establish that the nature and level of contamination of the fuel rendered it not only off-specification but unusable, necessitating removal and replacement. Without that evidence, Plaintiffs will not be able to establish GSPL breached the contract and the remedy of removal and replacement of the contaminated fuel. Relevance in the discovery context "is an extremely broad concept." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MD01570GBDSN, 2023 WL 4447869, at *2 (S.D.N.Y. July 11, 2023), *objections overruled,* No. 03MDL1570GBDSN, 2023 WL 5432199 (S.D.N.Y. Aug. 23, 2023)(cleaned up and citations removed).

GSPL's burden as the proponent of a protective order is to establish good cause that such an order be entered. *See* Rule 26(c); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.,* 347 F. App'x 615, 616, 2009 WL 2778447, at *1 (2d Cir. 2009)(summary order). Good cause for the protective order has not been established.

Defendant attached to its letter motion seeking a protective order, *inter alia*, an email exchange dated 30 November 2023 in which GSPL offered to stipulate that the fuel oil delivered to the vessel on or about March 12, 2022 "did not comply with certain of the quality specifications of a sales contract." (Exhibit F to ECF 76). However, this qualified, limited stipulation is insufficient. The proposed stipulation does not admit that GSPL breached the contract and that removal or replacement was necessary because of the nature and extent of that contamination. If Plaintiffs cannot inquire into this topic at the deposition, they may not be able to prove the contract was breached. There is no risk of prejudice to GSPL since a confidentiality order is already in place and the testimony could be identified as such until the issue is resolved.

## III. GSPL's reliance on the "Resupply Agreement" is misplaced

Plaintiffs' action concerns GSPL's breach of contract to supply the SERIFOS with approximately 4,000 mts of fuel oil which met the contract specifications and satisfied the applicable international conventions. GSPL failed to do so. That is the only contract in dispute. Plaintiffs do not allege GSPL breached what GSPL terms the "Resupply Agreement."

Nowhere in the Amended Complaint (or proposed Second Amended Complaint) nor in any of GSPL's responsive pleadings, including its Motion to Dismiss the Complaint or Answer to the Amended Complaint (ECF 59), has GSPL raised the idea that Plaintiffs' claims are subject to a Resupply Agreement. The only issue before the Court is whether GSPL breached the contract on March 11-12, 2022.

### A. Defendant Failed to Raise the "Resupply Agreement" Argument in the Meet-and-confer Process

Defendant failed to comply with the Individual Rules of this Court, the Local Rules, and Federal Rule 26(c) before filing this instant letter motion. GSPL never raised this Resupply Agreement argument in any of its objections or at the prior meet-and-confer sessions, or otherwise presented this argument to

2

Plaintiffs before seeking judicial intervention on this basis in contravention of multiple Federal, Local, and Individual Court Rules. *See* FED R. CIV. P. R 26(c), Local Civil Rule 37.3, Individual Rule III.C.3. As such, the Court should not consider this purported Resupply Agreement as a basis upon which to grant a protective order since this ground was never discussed with Plaintiffs before filing it.

### B.  By Failing to Plead the "Resupply Agreement" as an Affirmative Defense, GSPL has Forfeited the Right to Rely Upon it

In its Answer dated October 26, 2023, Defendant pled ten (10) affirmative defenses. (ECF No. 59 at pp. 25–27). GSPL did not plead as an affirmative defense, accord and satisfaction or release, or raise any other affirmative defense which would place either the Court or the Plaintiffs on notice of its intent to rely upon an alleged prior settlement agreement. As such, Defendant has forfeited the right to rely upon the purported "Resupply Agreement" to prevent Plaintiffs from securing this discovery it needs for breach of the contract which is in issue. Under Rule 8(c), "affirmative defenses" are waived unless they are raised in a responsive pleading. *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021). Since Defendant may not rely upon any such agreement at trial or otherwise due to forfeiture, it cannot use this alleged defense as a basis to deny Plaintiffs the discovery to which they are entitled.

### C.  GSPL's cries of prejudice are hollow

In addition to its relevance argument, GSPL asserts the "cost and burden of requiring GSPL's witness to prepare for all 35 noticed topics … would be far more substantial than otherwise required…" (ECF 76, p. 3). This is incorrect. In their two objections to Plaintiffs' deposition notice, GSPL objected to thirty-four of the thirty-five topics. (**Exhibit A** hereto; ECF 76, **Exhibit. D**). The only objection in dispute is the Plaintiffs' right to examine GSPL's witness about the nature and extent of the contamination of the fuel which rendered removal and replacement necessary, GSPL's failure to do so fully in compliance with their GTC and the damages Plaintiffs suffered as a result. The thirty-five topics for examination were <u>never</u> under discussion between the parties for this deposition but may become relevant if the Court grants Plaintiffs' Request to Amend the Complaint. (ECF 60).

### IV.  Defendant's Request for Costs in Connection with this Application is Meritless

As discussed above, Defendant never raised the primary argument set forth in its letter motion dated December 4, 2023 with Plaintiffs before seeking judicial intervention. Rule 37(a)(5) provides that the Court **must not** order any payment of costs when the movant filed the motion before attempting in good faith to obtain the disclosure or discovery, without court action.

GSPL's reliance on *Breaking Media, Inc. v. Jowers* (ECF No. 73, p. 3) is misplaced and totally inapposite to the case at bar. There, the discovery sought concerned a subpoena served upon a non-party to a lawsuit in Texas on a target in New York. Importantly, the Court awarded costs under Rule 45(d), which requires the Court to sanction a party who serves a subpoena without taking reasonable steps to avoid undue expense or burden, not Rules 26 or 37.

Rather, costs should be awarded to Plaintiffs for GSPL's failure to comply with Fed. R. Civ. P. 26(c), Local Civil Rule 37.3 and this Court's Individual Rule III C.3.

### Conclusion

Discovery on the breach of the sales contract by Defendant is a central issue to the adjudication of this case. GSPL seeks to impose an impermissibly narrow definition of relevance on Plaintiffs, as it has done throughout the course of discovery in this case. Therefore, Plaintiffs respectfully request that the Court deny GSPL's request for a protective order and order GSPL to submit to deposition and answer questions regarding the quality of the fuel delivered on March 11-12, 2022 in accordance with Rule 30.

We appreciate the Court's indulgence and look forward to today's telephone conference.

>Respectfully Submitted,
>
>_____/s/_____
>Thomas L. Tisdale