# EXHIBIT A



**HERBERT
SMITH
FREEHILLS**

Thomas L. Tisdale
Timothy N. Nast
Tisdale & Nast Law Offices LLC
Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
ttisdale@tisdale-law.com
tnast@tisdale-law.com

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T +1 917 542 7600
F +1 917 542 7601
D +1 917 542 7647
E barron.flood@hsf.com
www.herbertsmithfreehills.com

Date
September 21 2023

By email

Re:    **Serifos Maritime Corp. v. Glencore Singapore Pte Ltd.,**
       <u>**S.D.N.Y. Case No. 1:22-cv-8012 (LGS)**</u>

Dear Counsel,

We write on behalf of defendant Glencore Singapore Pte Ltd. ("GSPL") to set forth our objections to the Notice of Deposition (the "Notice") served on GSPL pursuant to Fed. R. Civ. P. (30)(b)(6) on July 10, 2023.

Fed. R. Civ. P. 30(b)(6) states that "[b]efore or promptly after the notice of subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." We set forth our position on each of the topics in the Notice below to facilitate such discussions.

**General Objections**

1.    <u>Plaintiffs' Definition of "Contaminants" Is Overbroad</u>

Four of the Topics, as well as the defined term "Bunkers," seek GSPL's testimony concerning "Contaminants," which is defined to mean "chemicals which are not part of the refining process including but not limited to chemical waste, cutter stock, non-petroleum material, organic or inorganic chlorides, dichloroethane, trichloromethane, trichloroethylene, trychloroethane, tetrachloroethylene, sediments, or any other material which would render the Bunkers non-compliant with MARPOL Annex VI, ISO 8217:2017, and/or the GTC between [GSPL] and Plaintiffs." *See* Footnote 2; Topics Nos. 1, 3, 19, and 24.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

However, a Rule 30(b)(6) deposition topic must be "explicitly stated" so that it has "discernable boundaries." *Winfield v. City of New York*, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018). Plaintiffs' definition refers to an undefined set of "chemicals," which could include thousands of chemical substances, and then provides a list of purportedly non-exhaustive examples. Such topics necessarily lack the boundaries required by Rule 30(b)(6) and are, accordingly, improper. *See, e.g., Winfield*, 2018 WL 840085, at *5 ("topics should not be listed as 'including but not limited to'"); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (inclusion of the phrase "including but not limited to" "turns the subpoena into an overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)").

Accordingly, GSPL will interpret "Contaminants" to mean organic chlorides.

2.  Plaintiffs' Definition of "Bunkers" Is Overbroad

Twenty of the Topics, and the definition of "Contaminants," seek information regarding the "Bunkers," which is defined to mean "the fuel oil supplied by the Defendant to numerous vessels in Singapore between February 1, 2022 and April 1, 2022 which was found to have contained Contaminants." *See* Topic Nos. 1, 2, 5, 6, 7, 10, 11, 14, 15, 17, 18, 19, 20, 22, 25, 27, 31, 32, 33, 34. GSPL objects to plaintiffs' definition of Bunkers as vague and overbroad. GSPL further objects to plaintiffs' definition of Bunkers to the extent it purports to expand Topics in the Notice to seek testimony concerning irrelevant information.

*First*, there was not a single parcel of fuel oil that was supplied to "numerous vessels" between February and April of 2022. Instead, as plaintiffs are aware, GSPL supplied dozens of vessels in Singapore between February 1, 2022 and April 1, 2022, utilizing a variety of blends. It would be extremely difficult and time consuming (if not impossible), to educate a witness about the "chemical content and any testing performed" (Topic No. 5) for all of the different blends delivered to the vessels supplied over a two-month period.

*Second*, the delivery at issue in this action occurred on March 11, 2022. While information about GSPL's knowledge of the quality fuel oil delivered prior to March 11, 2022 may be relevant to GSPL's state of mind at the time it made the delivery in this action, deliveries made after March 11 are not relevant. Indeed, the Court has already determined that plaintiffs are not entitled to documents or information subsequent to March 16, 2023. *See* Order dated August 3, 2023 (ECF No. 46).

Accordingly, GSPL will interpret "Bunkers" as used in the Notice to mean the approximately 4,110 MT of fuel oil delivered by GSPL to the M/T SERIFOS on or about March 11, 2022.

3.  Topics Seeking Testimony Concerning "Any" or "All" Documents
    and/or Communications Are Overbroad

Seven of the Topics seek testimony concerning unspecified documents or communications. *See* Topic Nos. 12, 15, 17, 18, 19, 23, 31. GSPL objects to these topics as vague, ambiguous, and overbroad. GSPL does not know which, if any, of the hundreds of "communications" Plaintiffs are referring to. Moreover, plaintiffs have already requested, and GSPL has produced, communications relevant to the



Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

action. Accordingly, designating a 30(b)(6) witness on these topics is duplicative of discovery already taken. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 75 (D. Conn. 2010) (granting motion to quash topics seeking testimony concerning "any communications" where relevant documents and communications had already been produced). To the extent plaintiffs seek testimony about any particular communication, plaintiffs should identify the communication with particularity. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 125 (S.D.N.Y. 2018) (permitting Rule 30(b)(6) witness to be questioned about up to 50 documents on a particular topic and requiring defendants to identify the 50 documents before the deposition).

4.  Claims Against Straits Pinnacle Pte Ltd.

Four of the Topics seek testimony concerning, *inter alia*, agreements with and/or claims against "Straits Financial." *See* Topic Nos. 15, 21, 27, 33. In addition to specific objections below, GSPL objects to these Topics on two bases.

*First*, these topics incorrectly assume that GSPL purchased fuel oil from an entity called "Straits Financial." GSPL purchased certain of the components used to blend the fuel oil delivered to plaintiffs from Straits Pinnacle Pte Ltd. GSPL will interpret Straits Financial as used in the Notice to mean Straits Pinnacle Pte Ltd. ("Straits Pinnacle").

*Second*, GSPL objects to Topics seeking information about claims against Straits Pinnacle to the extent they (i) purport to seek testimony concerning privileged information or (ii) seek testimony that would require GSPL to provide testimony in violation of confidentiality obligations with or to its counterparties including, but not limited to, any applicable orders of any court or arbitral tribunal.

5.  Privileged Claim Information

Many of the Topics concern, directly or indirectly, claims or complaints against GSPL by third-parties and/or claims brought by GSPL against the supplier of certain components of the Product. *See, e.g.,* Topic Nos. 4, 15, 16, 23. GSPL objects to each of the Topics to the extent they purport to require GSPL to designate a witness to divulge information protected by the attorney client privilege, work product privilege, litigation privilege, legal advice privilege or any other applicable privilege or protection. GSPL reserves the right to object to any question asked in a deposition that infringes on any such privilege or protection and to instruct a witness not to testify concerning privileged or protected information consistent with the Federal Rules of Civil Procedure.

**Objections to Specific Topics**

1.  **Where, when and/or how Glencore first learned of the Contaminants contained in the Bunkers which are the subject of this lawsuit.**

GSPL objects to this Topic to the extent it incorporates the defined terms "Contaminants" and "Bunkers" for the reasons set forth above. GSPL will designate a witness to testify concerning where, when and/or how GSPL first learned of organic chlorides in the fuel oil that was supplied to plaintiffs on or about March 11, 2022.



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

2. **The Bunkers source and origin, including the party or parties from whom Glencore purchased them or the components used to blend the Bunkers.**

GSPL objects to this Topic to the extent it incorporates the defined term "Contaminants" for the reasons set forth above. GSPL further objects to this Topic on the ground that retracing and identifying the "source and origin" of every molecule of fuel product that comprised the Bunkers would be unduly burdensome, costly, and not relevant to the claims or defenses in this case. GSPL will designate a witness to testify about the material components of the fuel oil that was supplied to plaintiffs on or about March 11, 2022.

3. **Glencore's knowledge or notice of potential Contaminants in bunkers stemmed at Singapore between January 1, 2022 and April 30, 2022.**

GSPL objects to this Topic to the extent it incorporates the defined term "Contaminants" for the reasons set forth above. GSPL further objects to this Topic on the ground that the phrase "potential Contaminants" is vague and ambiguous such that GSPL is unable to educate a witness to testify about this Topic. "Potential" could mean anything from a high likelihood that a particular substance is present in a product to an extremely remote or non-specific risk. GSPL will designate a witness to testify about the date and means by which GSPL became aware of the claimed presence of organic chlorides in bunkers supplied by GSPL to vessels in Singapore between January 1, 2022 and March 16, 2022, consistent with the Court's Order dated August 3, 2023.

4. **Notices of claim received by Glencore concerning bunkers stemmed in Singapore between January 1, 2022 and April 30, 2022.**

GSPL objects to this Topic to the extent it seeks testimony that has already been determined by the Court to be not relevant to this action. Consistent with the Court's Order dated August 3, 2023, GSPL will designate a witness to testify about the notices of claim received by GSPL prior to March 16, 2022.

5. **The Bunkers' chemical content and any testing performed by or on behalf of Defendant to ensure the Bunkers complied with MARPOL Annex VI, ISO 8217:2017, and/or the GTC between Defendant and Plaintiffs.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above. GSPL further objects to this Topic on the ground that the phrase "chemical content" is vague and ambiguous such that it is impossible to educate a witness about the subject matter. GSPL will designate a witness to testify about testing performed by or on behalf of GSPL to ensure that the fuel oil delivered to plaintiffs on or about March 11, 2022 complied with MARPOL Annex VI, ISO 8217:2017, and/or the GTC between GSPL and plaintiffs.

4



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

6. **The sales and purchase contract(s) for the Bunkers or any components of the Bunkers between Defendant, Defendant's affiliates, and any other party who may have supplied any component of the Bunkers.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above. GSPL further objects to this Topic on the basis that the sale and purchase contracts for fuel oil delivered to vessels other than the M/T SERIFOS are not relevant to this action and would reveal nothing about the quality of the fuel delivered to the vessels or GSPL's state of mind when it supplied the product at issue in this case. GSPL further objects to this Topic to the extent it purports to require GSPL to educate a witness concerning information known to entities other than GSPL. *See Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018) (holding defendant's 30(b)(6) designees are not required to familiarize themselves with topics in 30(b)(6) notice that are unrelated to their organization because rule 30(b)(6) "does not require one entity which is not under the control of a second entity to inquire into and testify as to the knowledge of the second entity"); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2011 WL 117048, at *8 (N.D. Ill. Jan. 12, 2011) (same); *Covington v. Semones*, 2007 WL 1052460, at *1 (W.D. Va. Apr. 5, 2007) (quashing subpoena seeking to have defendant entity investigate a second entity and provide information where second entity was not an employee of, subject to, or under the control of the defendant). GSPL will designate a witness to testify about the sale and purchase contracts for the fuel oil delivered to the M/T SERIFOS on or about March 11, 2022 and the sale and purchase contracts for material components of that fuel oil.

7. **The content and/or chemical characteristics of the Bunkers stemmed to Plaintiffs in Singapore in March of 2022.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above. GSPL further objects to this Topic on the ground that the phrase "chemical characteristics" is vague and ambiguous such that it is impossible to educate a witness about the subject matter. GSPL will designate a witness to testify about the results of any tests performed by or on behalf of GSPL on the fuel oil delivered to plaintiffs on or about March 11, 2022.

8. **All Contracts, Agreements, and/or terms and conditions which Defendant claims apply to the subject bunker stem and/or this Action.**

GSPL will designate a witness to testify about this topic.

9. **Procedures and/or guidelines regarding the measures Defendant takes to ensure that the bunkers it provides comply with MARPOL Annex VI, ISO 8217:2017, and the contract requirements.**

GSPL objects to this Topic as vague and ambiguous as it is not clear what the term "the contract requirements" means. GSPL further objects to this Topic on the ground that is lacks any date restriction and is therefore without discernable boundaries. GSPL will designate a witness to provide general, corporate-level testimony concerning its procedures for ensuring that fuel oil it supplies to customers complies with MARPOL Annex VI, ISO 8217:2017, and any applicable contractual requirements.



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

10. **What measures Defendant took to ensure that the Bunkers supplied to Plaintiffs' Vessel in Singapore complied with MARPOL Annex VI, ISO 8217:2017, and the contract requirements.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic on the ground that "the contract requirements" is vague and ambiguous.  GSPL will designate a witness to testify about the testing performed by or on behalf of GSPL on the fuel oil delivered to plaintiffs on or about March 11, 2022 and/or material components of same.

11. **Any and all tests or analyses performed on the Bunkers from the time Defendant received them or blended them until present day.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic on the ground that, by requesting testimony about "any and all tests or analyses," this Topic purports to require GSPL to educate a witness about testing or analysis conducted by other entities, including tests of which it may not be aware.  *See Luken, supra.*  GSPL will designate a witness to testify about the testing performed by or on behalf of GSPL on the fuel oil delivered to plaintiffs on or about March 11, 2022 and/or material components of same.

12. **All warnings, notices, communications, advisories, or bulletins from any governmental or industry agency received by Glencore concerning the quality or contents of the bunkers stemmed in Singapore by Defendant between January 1, 2022 and April 30, 2022.**

GSPL objects to this Topic to the extent it seeks testimony concerning an undefined set of "warnings, notices, communications, advisories, or bulletins."   To the extent plaintiffs seek testimony about a particular communication, they should identify it with specificity.  GSPL further objects on the ground that this Topic seeks testimony about GSPL's state of mind after March 16, 2023, which has already been determined to be irrelevant by the Court.  *See* Order dated August 3, 2023 (ECF No. 46).  GSPL will designate a witness to testify about warnings, notices, communications, advisories of bulletins from governmental or industry agencies received by GSPL between January 1, 2022 and March 16, 2022 concerning the quality or contents of bunkers stemmed in Singapore by GSPL.

13. **Any and all penalties, fines, reprimands, sanctions, or other penal actions taken against Glencore and/or its affiliates concerning bunker quality and/or content in the last three years to present day.   This includes the Singapore MPA suspension of Glencore's bunkering license and all submissions made by Glencore in connection with same.**

GSPL objects to this Topic to the extent it purports to require GSPL to testify about the knowledge of other entities, including its affiliates.  *See Luken, supra.*  GSPL can only designate a witness to testify about its own knowledge.  GSPL further objects to this Topic on the grounds that penalties, fines, reprimands, sanctions, etc., if any, concerning GSPL's conduct other than the specific contamination event at issue in this action are not relevant.  GSPL further objects to this Topic as lacking discernable boundaries because it seeks testimony concerning "all submissions" made by GSPL in connection with the Maritime and Port Authority of Singapore's ("MPA") investigation.  GSPL will designate a witness to



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

testify about the notice of license suspension from the MPA dated August 3, 2022, public announcements from the MPA concerning same, the MPA's letter dated July 4, 2022, and GSPL's response dated July 15, 2022.

**14. The delivery of Bunkers to the Vessel and/or delivery of the Bunkers which form the basis of this case.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL will designate a witness to testify about the delivery of fuel oil to the M/T SERIFOS on or about March 11, 2022.

**15. All communications between Defendant and any laboratories and/or facilities which tested or surveyed the Bunkers supplied to Plaintiffs' Vessel or the Bunkers which form the basis for Glencore's claim against Straits Financial.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" and the term "Straits Financial" for the reasons set forth above.  GSPL further objects to this Topic to the extent it seeks testimony concerning "all communications" for the reasons set forth above.  GSPL further objects to this Topic on the ground that it purports to require GSPL to designate a witness to provide testimony in violation of confidentiality obligations with or to GSPL's counterparties including, but not limited to, applicable orders of any court or arbitral tribunal.  GSPL further objects to this Topic to the extent it would require GSPL to designate a witness to testify concerning legal strategy or other information that is protected by the attorney-client privilege or other applicable privilege or protection.  GSPL will designate a witness to testify about the testing performed by or on behalf of GSPL on the fuel oil delivered to plaintiffs on or about March 11, 2022 and/or material components of same.

**16. Complaints or notices by any party, concerning the bunkers delivered by Defendant to the Plaintiff's Vessel, or to any other vessels in Singapore between January 1, 2022 and April 30, 2022.**

GSPL objects to this Topic to the extent it seeks testimony that has already been determined by the Court to be not relevant to this action.  Consistent with the Court's Order dated August 3, 2023, GSPL will designate a witness to testify about the notices of claim received by GSPL prior to March 16, 2022.

**17. All internal communications among Glencore concerning the Bunkers supplied to the Plaintiff's Vessel in Singapore.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic to the extent it seeks testimony concerning "all internal communications" for the reasons set forth above.  To the extent plaintiffs seek testimony about specific communications, they should identify them with particularity.

7



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

**18. Communications by, between to or from Defendant, Plaintiff, brokers, or anyone else concerning the Bunkers supplied to Plaintiff's Vessel by Defendant in March, 2022 at Singapore.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above. GSPL further objects to this Topic to the extent it seeks testimony concerning an unspecified set of documents and/or communications for the reasons set forth above. To the extent plaintiffs seek testimony about specific communications, they should identify them with particularity.

**19. Documents/communications concerning Defendant's knowledge that the Bunkers supplied to Plaintiffs' Vessel contained Contaminants as identified in the definitions and/or were otherwise non-compliant with the GTC.**

GSPL objects to this Topic to the extent it incorporates the defined terms "Contaminants" and "Bunkers" for the reasons set forth above. GSPL further objects to this Topic to the extent it seeks testimony concerning an unspecified set of documents and/or communications for the reasons set forth above. To the extent plaintiffs seek to question a GSPL representative about specific communications, they should identify them with particularity.

**20. The Bunkers Glencore supplied to Plaintiffs' Vessel in Singapore on or around March 12, 2022.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above. GSPL further objects to this Topic on the ground that it lacks any discernable boundaries and it is impossible to know what information about the fuel oil supplied to the M/T Serifos on or about March 11, 2022 plaintiffs are seeking. GSPL does not agree to designate a witness to testify about this Topic, but is willing to meet and confer with plaintiffs to consider a more specific topic not duplicative of other Topics in the Notice.

**21. Transactions between Straits Financial and GSPL during 2022.**

GSPL objects to this Topic to the extent it uses the term "Straits Financial" for the reasons set forth above. GSPL further objects to this Topic on the ground that it lacks any discernable boundaries and it is impossible to know what information about the transactions between Straits Pinnacle and GSPL in 2022 plaintiffs are seeking. GSPL further objects to this Topic on the ground that it purports to require GSPL to designate a witness to provide testimony in violation of confidentiality obligations with or to GSPL's counterparties including, but not limited to, applicable orders of any court or arbitral tribunal. GSPL further objects to this Topic to the extent it would require GSPL to designate a witness to testify concerning legal strategy or other information that is protected by the attorney-client privilege or other applicable privilege or protection. GSPL does not agree to designate a witness to testify about this Topic.



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

**22. The bunker stem process in relation to the Bunkers supplied by Defendant to Plaintiff on or about March 10, 2022 to March 12, 2022 in Singapore.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL will designate a witness to testify about the delivery of fuel oil to the M/T SERIFOS on or about March 11, 2022.

**23. All claims, complaints, notices, or other communications received by Defendant from any source concerning the Singapore bunkers, some of which was supplied to the Plaintiff's vessel before March 12, 2022.**

GSPL objects to this Topic on the grounds that it seeks information about an unspecified set of "claims, complaints, notices, or . . . communications" and is therefore without discernible boundaries.  GSPL will designate a witness to testify about the claim notices received by GSPL before March 12, 2022.

**24. The Contaminants in bunkers supplied by Defendant to vessels in Singapore between February 1, 2022 and April 30, 2022.**

GSPL objects to this Topic to the extent it incorporates the defined term "Contaminants" for the reasons set forth above.  GSPL further objects to this Topic to the extent it seeks testimony that has already been determined by the Court to be not relevant to this action, specifically, information about deliveries of fuel oil to vessels other than the one at issue in this action.  GSPL will designate a witness to testify about the notices of claim received by GSPL prior to March 16, 2022 and when it first learned of the alleged presence of organic chlorides in vessels stemmed in Singapore in February and March 2022.

**25. Defendant's quality assurance procedures, quality procedures and/or the tests Defendant performed on the Bunkers or the components of the Bunkers before supplying them to the Plaintiff.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL will designate a witness to (i) provide general, corporate-level testimony concerning its procedures for ensuring that fuel oil it supplies to customers complies with MARPOL Annex VI, ISO 8217:2017, and any applicable contractual requirements and (ii) testify about the testing performed by or on behalf of GSPL on the fuel oil delivered to plaintiffs on or about March 11, 2022 and/or components of same identified after a reasonable investigation.

**26. The search for documents responsive to Plaintiffs' Requests for Production and the details of the searches performed by Defendant.**

GSPL will designate a witness to testify about its document collection efforts in this action.



HERBERT
SMITH
FREEHILLS

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

**27. Defendant's claim against Straits Financial arising out of GSPL's purchase of Bunkers from Straits Financial.**

GSPL objects to this Topic to the extent it incorporates the term "Straits Financial" for the reasons set forth above.  GSPL further objects to this Topic on the ground that it purports to require GSPL to designate a witness to provide testimony in violation of confidentiality obligations with or to GSPL's counterparties including, but not limited to, applicable orders of any court or arbitral tribunal.  GSPL further objects to this Topic to the extent it would require GSPL to designate a witness to testify concerning legal strategy or other information that is protected by the attorney-client privilege or other applicable privilege or protection.  GSPL does not agree to designate a witness to testify about this Topic.

**28. GSPL's quality claims handling procedures.**

GSPL objects to this Topic as not relevant to the issues in this action.  GSPL's internal claims handling procedures have no bearing on GSPL's state of mind at the time it supplied the fuel oil at issue in this case or the quality of that fuel oil.  GSPL does not agree to designate a witness to testify about this Topic.

**29. GSPL's protocols or procedures regarding warning buyers of its fuel products of off specification products.**

GSPL objects to this Topic as not relevant to the issues in this action.  GSPL's internal procedures, if any, concerning "warning buyers" have no bearing on GSPL's state of mind at the time it supplied the fuel oil at issue in this case or the quality of that fuel oil.  GSPL does not intend to designate a witness to testify about this Topic.

**30. The Plaintiffs' Amended Complaint against Defendant and Defendant's defenses thereto.**

GSPL objects to this Topic as lacking discernable boundaries.  It is impossible to educate a witness about every possible subject matter implicated by plaintiffs' amended complaint.  Moreover, GSPL has not yet answered the complaint.  Accordingly, GSPL objects to this Topic to the extent it would require GSPL to designate a witness to testify concerning legal strategy or other information that is protected by the attorney-client privilege or other applicable protection.  *See Fox v. Amazon.com, Inc.*, 2017 WL 9476870, at *5 (M.D. Tenn. Sept. 21, 2017) ("[T]he decision to admit or deny the allegations in the complaint is a decision made by counsel at the time the answer was filed. That decision by counsel is privileged."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding that a party's attempt to discover facts supporting a defendant's denials and affirmative defenses "implicate[d] serious privilege concerns").  GSPL does not agree to designate a witness to testify about this Topic.

**31. Internal communications/the decision-making process at Glencore regarding the handling of Bunkers supplied to Plaintiff and decision to continue stemming them after Glencore knew of the presence of contaminants.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic to the extent it seeks testimony concerning an unspecified



**HERBERT
SMITH
FREEHILLS**

Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

set of communications for the reasons set forth above.  To the extent plaintiffs seek testimony about specific communications, they should identify them with particularity.

**32. The decision of GSPL to continue selling the Bunkers after March 1, 2022.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic on the ground that it assumes, without basis, that GSPL made a "decision . . . to continue selling the Bunkers after March 1, 2022."  GSPL will designate a witness to testify concerning its response to the notice of claim received from a customer on March 1, 2022.

**33. The current status of Glencore's claim against Straits Financial regarding the Bunkers and any settlement of same.**

GSPL objects to this Topic to the extent it incorporates the term "Straits Financial" for the reasons set forth above.  GSPL further objects to this Topic on the ground that it purports to require GSPL to designate a witness to provide testimony in violation of confidentiality obligations with or to GSPL's counterparties including, but not limited to, applicable orders of any court or arbitral tribunal.  GSPL further objects to this Topic to the extent it would require GSPL to designate a witness to testify concerning legal strategy or other information that is protected by the attorney-client privilege or other applicable privilege or protection.  GSPL does not agree to designate a witness to testify about this Topic.

**34. The decisions of GSPL not to advise the purchasers of the Bunkers of potential contamination once GSPL became aware of the possibility of contamination.**

GSPL objects to this Topic to the extent it incorporates the defined term "Bunkers" for the reasons set forth above.  GSPL further objects to this Topic on the ground that it assumes without basis that GSPL made any such decisions as described.  GSPL will designate a witness to testify concerning its response to the notices of claim received from customers between March 1, 2022 and March 16, 2022.

**35. Defendant's document production in response to Plaintiff's Request for Production of Documents.**

GSPL will designate a witness to testify about its document collection efforts in this action.  To the extent plaintiffs seek testimony concerning any specific documents in GSPL's productions, plaintiffs should identify them with particularity.



Date
September 21 2023
Letter to
Thomas L. Tisdale
Timothy N. Nast

\*     \*     \*

We are available to meet and confer concerning the above at your convenience.

Regards,

*/s/ Barron M. Flood*

Barron M. Flood