

CHRYSLER BUILDING
405 LEXINGTON AVE., 26TH FLOOR
NEW YORK, NY 10174
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM

**TISDALE & NAST**
LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

January 25, 2024

*Via ECF*
Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: **Serifos Maritime Corporation and Andros Maritime Agencies Ltd. v. Glencore Singapore Pte Ltd.**
     **22-CV-8012 LGS**
     **T&N File No. 2984**

Dear Judge Schofield,

  We are counsel for Plaintiffs in the above-cited matter and respectfully submit this letter in reply to Defendant Glencore Singapore Pte Ltd. ("Defendant" or "GSPL")'s letter opposition dated January 23, 2024 (ECF No. 84). Defendant's letter raises several arguments which are either incorrect or unsupported by the record.

  First, Defendant's letter opposition does not address the motion to seal filed by Plaintiffs on January 16, 2024 (ECF No. 81). Pursuant to Your Honor's Individual Rules in Civil Cases I.D.3, Defendant, as the party with the purported interest in confidential treatment, had two business days to file a letter in support of the motion to seal. Since Defendant failed to do so, Plaintiffs respectfully submit that the letter dated January 16, 2024, with attachments be unsealed, and that the motion to seal be denied. Defendant has not yet responded to Plaintiffs' request to remove the confidential designation from its latest production.

  Secondly, Defendant's suggestion that Plaintiffs never requested these documents is disingenuous at best. These documents were responsive to the Rule 34 Requests for Production served on February 17, 2023, since they are clearly relevant to the claims and defenses asserted in this matter. (RFP No. 15). Despite this documentation having been requested nearly a year ago, its existence was only discovered during the deposition of Defendant's Rule 30(b)(6) witness on December 18, 2023. At that time, we examined the witness about their existence and GSPL's failure to produce them. The documents were requested during the deposition and, after the deposition, the request was reiterated in an email. After approximately 3 weeks, GSPL produced the documents without objection but without "waiv[ing] any objection to the scope, timeliness or propriety of this request. GSPL has never asserted that the documents were not relevant to the claim, nor has it made any such assertion in their opposition.

  A demand for documents at a deposition does not require formal service of a demand under Rule 34. *Tyson v. Saint James Fire Dep't*, No. CV186908DRHAKT, 2021 WL 17394, at *1

1

(E.D.N.Y. Jan. 2, 2021)(citing *New Falls Corp. v. Soni*, CV 16-6805, 2020 WL 2836787, at *5 (E.D.N.Y. May 29, 2020)). It is well-settled among district courts within this Circuit that an oral request for documents made during a party deposition need not be followed up with a "formal" document demand to trigger the producing party's obligation to respond. *Id.* (string citations omitted). Documents which were requested during any depositions should be produced "automatically." *Id.*, at *1 (E.D.N.Y. Jan. 2, 2021). Contrary to Defendant's letter, "courtesy" had nothing to do with production of these documents.

Moreover, it is commonplace, even when documents are requested and produced after a deposition, for that deposition to be continued for examination on the newly produced documents. Since these documents were produced, we have repeatedly asked GSPL to provide dates during the week of February 4, 2024 for the continuation of GSPL's deposition. Our email requests have been met with only silence. Courts may reopen discovery for depositions concerning documents that were produced after the close of fact discovery. *Ciaramella v. Zucker*, No. 18CIV6945MKVSLC, 2021 WL 4206779, at *1 (S.D.N.Y. Aug. 10, 2021)(citing *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 125 (S.D.N.Y. 2018) (failure to produce documents ordered by the Court warranted reopening discovery, including a Rule 30(b)(6) deposition, concerning the newly produced documents); *Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, No. 14 Civ. 2275 (JGK) (DF), 2016 WL 11271874, at *38–40 (S.D.N.Y. Nov. 4, 2016), adopted by 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (reopening fact discovery and permitting depositions and follow-up discovery requests). And Defendant should not be heard to complain about the timeliness of Plaintiffs' request for a further deposition when it is the Defendant's delay in producing the documents and its non-responsiveness to Plaintiffs' repeated requests for a deposition date which has caused any delay.

Thirdly, Defendant's assertion that failure to attach the proposed amended pleading to the letter motion to supplement is puzzling. Plaintiffs' motion for leave to file a second amended complaint is pending with the Court. (ECF No. 60). In connection with the motion for leave to file a second amended complaint, Plaintiffs filed a lengthy proposed pleading both redacted and under seal as required by the Court's Rules. (ECF Nos. 64, 65). Letter briefing on Plaintiffs' motion to amend was completed on November 14, 2023 (ECF No. 72). Of course, Defendant offers no suggestion of how Plaintiffs are supposed to "attach" their supplemental proposed additions to the pending proposed second amended complaint other than to say it should be denied. This tactic is reinforced by Defendant's continued marking of every single page of its production as "confidential."

It would be a waste of party, and most importantly, Judicial resources for Plaintiffs to file a third proposed amended complaint before this Honorable Court rules on its second proposed amended complaint which needed to be filed largely sealed due to Defendant's continued marking of every single page of its production as "confidential." The letter motion filed by Plaintiffs on January 16, 2024 merely seeks permission to include the additional clause of action and prayer for relief. It simply makes no sense to follow Defendant's proposed course of action to file a proposed third amended complaint before the Court rules on the motion for leave to file a second amended complaint. Plaintiffs respectfully submit that the proposed supplemental additions be added to the now pending request and that one second amended complaint containing the previously requested amendments and supplemental proposed amendments is filed. (If, however, the Court can advise

whether and how to supplement the pleadings as they presently stand to address this most recent request, we will be pleased to comply).

Defendant's Rule 12(b)(6) motion on pages 2-3 of its letter is misplaced. Under New York law, the decision to award punitive damages is left to the factfinder's discretion. *Racich v. Celotex*, 887 F.2d 393, 397 (2d Cir. 1989). Summary judgment (and certainly a Rule 12(b)(6) motion at the Rule 15 stage) is inappropriate in a conversion case where the circumstances may show malice, insult, reckless and willful disregard for plaintiff's rights, or by other proof evidencing the aggravated nature of the act. *Morales v. Kavulich & Assocs., P.C.*, 294 F. Supp. 3d 193, 198–99, 2018 WL 1399342 (S.D.N.Y. 2018)(cleaned up).

Here, Defendant forced Plaintiffs to sue and, in the process, incur vast sums because Defendant concealed Plaintiffs' fuel in an unauthorized tank in contravention of international law. Surely, this constitutes a "demand" for purposes of stating a conversion claim. To this day, Defendant exercises unlawful dominion since it has failed to supply the entire quantity of replacement fuel and has retained Plaintiffs' payment for same. Pumping and storing fuel into an unauthorized tank, secreting this fact from Plaintiffs, and refusing to offer compensation for the concealed quantity elevates this claim from the breach of contract realm because of GSPL's intentional and egregious misconduct.

Defendant's purported excuse for this otherwise unlawful act, a "leak that was discovered" is yet another reason why additional discovery is necessary. Neither the Court nor Plaintiffs can accept this representation in GSPL's letter opposition to a motion to supplement the now pending motion to amend. If, as Defendant alleges, this transfer of 43 mts was the result of a leak (43 mts being a very substantial quantity of oil to have "leaked" from a cargo tank into a ballast tank), there will necessarily be numerous documents and reports evidencing the incident and the required repairs including the vessel's ballast log, Oil Record Book, notification to the Singapore authorities, notification and supervision of the repairs by the vessel's classification society, etc., all of which are now relevant and required based on GSPL's proffered explanation. Additional time for completion of discovery was required previously, but with GSPL's so-called "explanation" for this event, even more time for production of additional documents (not previously required) should now be allowed as should the deposition of the Defendant by a witness with knowledge of these events. Plaintiff will prepare and serve a Supplemental Request for Production and a 30(b)(6) Notice of Deposition of the Defendant by a witness with knowledge of this incident within 3 days of the Court extending discovery to allow for same.

Plaintiffs, do, however, join in Defendant's request to address these issues as well as the issues before Your Honor at a conference at the Court's earliest convenience. Again, we thank Your Honor for your consideration of this request and respectfully request permission to file the supplemental amendments together with the proposed second amended complaint in the request pending before the court. (ECF, Nos. 60, 65).

Respectfully Submitted,

_____/s/_____
Thomas L. Tisdale
