```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   SERIFOS MARITIME CORPORATION,                             :
                                                             :
                                    Plaintiff,               :   22 Civ. 8012 (LGS)
                                                             :
                       -against-                             :   ORDER
                                                             :
   GLENCORE SINGAPORE PTE,                                   :
                                    Defendant.               :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in a letter motion filed on November 14, 2023, Defendant requested that Plaintiffs' proposed Second Amended Complaint at Dkt. 65 be filed under seal, with a redacted version filed on the public docket.  In a letter motion filed on January 16, 2024, Plaintiffs requested that their letter motion seeking to supplement their proposed SAC be filed under seal, in deference to the parties' protective order.  In an additional letter motion filed February 9, 2024, Plaintiffs requested that their proposed, supplemented SAC be filed under seal, in deference to the parties' protective order.

WHEREAS, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Although the parties' confidentiality designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations, the Second Circuit has instructed that "the privacy interests of innocent third

parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *accord BakeMark USA LLC v. Negron*, No. 23 Civ. 2360, 2024 WL 182505, at *1 (S.D.N.Y. Jan. 16, 2024).  As this Court has previously held in an earlier sealing order in this action, the redaction of third-party customer names and information is appropriate here.

WHEREAS, Defendant contends that sealing communications between an entity and its regulator can be necessary in preserving higher values that overcome the presumption of public access.  Defendant urges that the Court allow communications between Defendant and the Maritime Port Authority of Singapore be sealed under this theory of entity-regulator communications.  However, Defendant "has not established that there is a presumption of confidentiality that attaches to this information, because it may otherwise be available through . . . freedom of information or sunshine laws." *Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22 Civ. 5772, 2022 WL 17738779, at *3 (S.D.N.Y. Dec. 15, 2022) (denying a request to seal communications between a lottery app and state regulators).  "Nor has [Defendant] carried its burden in demonstrating that this information is commercially sensitive." *Id.*; *accord Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16 Civ. 6399, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (granting request to seal communications with regulators where that information "could advantage Movants' competitors and harm their businesses").  It is hereby

**ORDERED** that Defendant's letter motion at Dkt. 70 is GRANTED in part and DENIED in part.  In public filings, the parties may redact the names and identifying information of third-party customers, but not the substance of communications between Defendant and its regulators.  By **February 16, 2024**, Plaintiff shall file on the public docket versions of the documents at Dkts. 71, 83 and 90, with appropriate redactions.

The Clerk of Court is directed to maintain under seal Dkts. 71, 83 and 90, and to close the motions at Dkts. 70 and 81.

Dated: February 12, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**